**FILED - KZ**

April 29. 2010 12:22 PM

TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
____BLP_____/ _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| DEBBIE ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | **1:10-cv-418** |
| | ) | **Robert Holmes Bell** |
| v. | ) | **U.S. District Judge** |
| | ) | |
| IC SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT

NOW COMES the Plaintiff, DEBBIE ALLEN, by and through her attorneys, LARRY P.

SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, IC SYSTEMS,

INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt

Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28

U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4.      DEBBIE ALLEN, (hereinafter, "Plaintiff") is an individual who was at all

relevant times residing in the City of Benton Harbor, County of Berrien, State of Michigan.

1

5.      IC SYSTEMS, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Michigan.  Defendant is incorporated in the State of Minnesota.

6.      In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff.

7.      At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8.      At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## IV.    ALLEGATIONS

9.      On or about February 4, 2010, Plaintiff received a telephone call from Defendant, who stated that it was calling to collect a debt allegedly owed by Plaintiff.

10.     The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household services.

11.     During the aforementioned telephone conversation, Defendant stated that if Plaintiff did not pay the debt she allegedly owed then Defendant would put a lien on Plaintiff's vehicle.

12.     In or around February of 2010, during the course of a telephone call between Defendant and Plaintiff, Defendant demanded that Plaintiff stop paying her cable bill and instead make payments to Defendant for the debt Plaintiff allegedly owed.

13.     During the aforementioned telephone conversation, Defendant stated if Plaintiff did not pay Defendant for the debt she allegedly owed then Defendant would file a lawsuit against Plaintiff.

2

14.     The debt on which Defendant is attempting to collect is more than six (6) years old.

15.     The statute of limitations for written contracts in Michigan is six (6) years.

16.     Defendant has not filed a lawsuit against Plaintiff for the debt she allegedly owes.

17.     Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt she allegedly owed.

18.     Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

19.     Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt she allegedly owed.

20.     In or around February of 2010, during the course of a telephone call between Defendant and Plaintiff, Defendant stated if Plaintiff did not pay Defendant for the debt she allegedly owed then Defendant would report the debt to the credit reporting agencies and that the debt would stay on Plaintiff's credit report for ten (10) years.

21.     At the time Defendant made the threat to report the alleged debt to the credit reporting agencies, the debt Plaintiff allegedly owed could no longer be reported as it was beyond the seven (7) year limitation for the reporting of such accounts pursuant to the provisions of the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq.

22.     Defendant's threat that the alleged debt would remain on Plaintiff's credit report for ten (10) years was unfounded as the debt Plaintiff allegedly owed could not be reported beyond the seven (7) year limitation for the reporting of such accounts pursuant to the provisions of the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq.

3

23.    Defendant has not reported the debt allegedly owed by Plaintiff to the credit reporting agencies.

24.    In or around February of 2010, Defendant initiated multiple telephone calls to Plaintiff in a single day.

25.    In or around February of 2010, on multiple occasions, Defendant intentionally disconnected telephone calls with Plaintiff and proceeded to immediately call Plaintiff back.

26.    In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

a.    Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

b.    Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §1692d(5);

c.    Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

d.    Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

e.    Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

f.    Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

g.    Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

h.    Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

4

27.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and
continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V.     JURY DEMAND

28.     Plaintiff hereby demands a trial by jury on all issues so triable.

### VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DEBBIE ALLEN, by and through her attorneys, respectfully
prays for judgment as follows:

        a.     All actual compensatory damages suffered;

        b.     Statutory damages of $1,000.00;

        c.     Plaintiff's attorneys' fees and costs;

        d.     Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**DEBBIE ALLEN**

By: _____

David M. Marco
Attorney for Plaintiff

Dated: April 26, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:   (312) 222-9028 (x812)
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithlaw.us